RUTLAND,
January,
1839.

MOSES GODDARD *v.* HENRY S. BROWN.

When one of two parties contracts in his own name, declaring that the con-
tract is for his benefit, he cannot, in an action on book against him to re-
cover on the contract, object that the other partner is not joined.

ACTION of book account. At the hearing before the audi-
tor, the parties exhibited their accounts, and the defendant
objected to the plaintiff's charges, and contended that they
should have been made against H. S. & J. Brown. It ap-
peared that in the fall of 1833, the defendant and his bro-
ther, Jeduthan Brown, entered into partnership, which em-
braced their business in a store, saw mill and grist mill, far-
ming, and the practice of the defendant, as a physician,
which partnership had never been formally dissolved ; that
in the spring of 1837, the defendant declared that he was
going to manage the farm himself, that his brother would
not have any thing to do with it ; that the defendant hired
the plaintiff to work on the farm, without informing the
plaintiff that Jeduthan had any thing to do with it; that
Jeduthan worked occasionally on the farm with the plaintiff,
and in the month of July, 1837, left home and had not since
returned ; the defendant's account—so much of it as was
charged on book—was charged on the company books of
H. S. & J. Brown, and the business done on the part of the
defendant, as though the contract was made with, and the
services performed for, H. S. & J. Brown, and on the part
of the plaintiff, as though it was with the defendant alone.—
The auditor adjusted the accounts as though the business
was all done with the defendant, without reference to Jed-
uthan Brown, allowing the defendant's account with the ex-
ception of one or two charges, and reported a balance in favor
of the plaintiff. Most of the articles charged in the plain-
tiff's account were credited on the books of H. S. & J.
Brown.

It did not appear that the defendant had ever told the
plaintiff that he carried on the farm alone. The services
performed by the plaintiff were work done on the farm and
driving the team of H. S. &. J. Brown, and for their benefit.

The county court accepted the auditor's report, and ren-

dered judgment thereon for the plaintiff; to which the defendant excepted.

*R. R. Thrall* and *E. N. Briggs,* for defendant.

*S. Foot* and *I. S. Wright,* for plaintiff.

The opinion of the court was delivered by

WILLIAMS, Ch. J.—The exceptions to the auditor's report and the judgment of the county court present this question alone, whether the account should have been charged to the defendant and Jeduthan Brown, jointly, or to the defendant alone. It is only in this action that this question can be raised on trial of the merits. *Non joinder* of a defendant, in all other actions *ex contractu,* can only be objected by plea in abatement. In the action on book it is otherwise. *Loomis* v. *Burrett,* 4 Vt. R. 450. Before a plaintiff on this ground is turned over to another action, it should be made evident that the contract or dealings were with the two jointly, and not with one alone. One member of a partnership may contract separately, and make himself liable to a suit, notwithstanding others may be interested in the contract.— In the present case it is by no means certain that the partnership between the defendant and his brother did continue, so as to embrace the subject of the plaintiff's account. Although not formally dissolved, it appears to have been in fact dissolved some time in the spring or former part of the summer of 1837. But whether it was dissolved or not, it appears very evident that the defendant contracted alone with the plaintiff. He declared that he was going to manage the farm alone, and employed the plaintiff to labor, without informing him that he had a partner, and the auditor has, in effect, found that the contract was with the defendant, and he cannot now be permitted, on the trial of the merits, to object that another person was jointly liable with him, contrary to the declaration he made in the spring of 1837, about the time he employed the plaintiff. The judgment of the county court is, therefore, affirmed.